UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERNEST J. PAGELS,

        Plaintiff,

v.                                                   Case No. 16-cv-444-pp

DR. REGAN,[1]

        Defendant.

---

**ORDER DISMISSING COMPLAINT (DKT. NO. 1)**

---

        On April 11, 2015, the plaintiff, who is proceeding without a lawyer, filed his complaint. Dkt. No. 1. The plaintiff alleges that the defendant failed to help him move to Panama City, Florida and to help him make community contacts there. Id. at 2. The court has carefully reviewed the plaintiff's allegations, and concludes that the plaintiff does not state a claim for which this court can grant him relief. For the reasons explained below, the court will dismiss the complaint.

I.     **STANDARDS OF REVIEW**

        Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

---

[1] The plaintiff named four defendants in the complaint—Chester Schmear, West Allis Police Department, West Allis Public Library, and Dr. Regan. Dkt. No. 1. On May 2, 2016, the plaintiff voluntarily dismissed his case against Chester Schmear. Dkt. No. 4. On May 9, 2016, he voluntarily dismissed the case as to defendants West Allis Police Department and West Allis Public Library. Dkt. No. 5. The one remaining defendant is Dr. Regan.

1

defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim for relief under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly,

2

550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

**II. DISCUSSION**

The plaintiff alleges that his clinical psychologist, Dr. Regan, went "behind [his] back," and did not help him find a good apartment in Panama City, Florida. Dkt. No. 1 at 2. He indicates that Dr. Regan did not help him move to Panama City, nor did she help him "get associated with First Baptist [Church] of Panama City, FL." Id. The plaintiff alleges that all Fr. Regan does is give him excuses, "like everyone else in Milwaukee . . . ." Id. The plaintiff's complaint discusses the fact that he is disabled, and asserts that at every turn, everyone from whom he seeks help—even his girlfriend—fails him. He says that Dr. Regan does not want to help him, or to "stick out [her] neck for me in the community . . . ." Id. at 3. The plaintiff wants someone to talk to police departments, libraries, landlords, and others, to help "get everyone off [his] case." Id. He asks the court to direct Dr. Regan to help him move to Panama City, to help him secure a good, comfortable apartment, and to tell the police in Panama City that he is coming and that they should keep the reckless people away from him. Id. at 6-7.

The court understands that the plaintiff has a disability, and is struggling. He is frustrated with everyone in Milwaukee—he feels that they've

3

made no effort to help him, despite his disability. He wants to move, to start over, and he feels that Dr. Regan—an important figure in his life, and someone who believes has the power to assist him—has not given him as much help as he would have liked.

But there is no federal law that requires Dr. Regan to help the plaintiff move. There is no law that requires her to talk with people in the Panama City community to pave the way for him there. There is no law that gives the plaintiff the right to obtain that kind of help—not even the Americans with Disabilities Act creates such a right. The plaintiff has not alleged that Fr. Regan violated any of the plaintiff's federal statutory or constitutional rights. While it is clear that the plaintiff wants and needs help, this court does not have the authority to provide relief to the plaintiff based on the facts that he has alleged in this complaint. For that reason, the court must the plaintiff's complaint under §1915(e)(2)(B).

## III. CONCLUSION

The court **ORDERS** that the plaintiff's complaint is **DISMISSED** under 28 U.S.C. §1915(e)(2)(B), because it is frivolous and fails to state a claim on which relief can be granted.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or

4

excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

Dated in Milwaukee, Wisconsin this 24th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

5